BARTHOLOMEW, PLAINTIFF AND APPELLANT, *v.* CRISSEY ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Arecibo in an action for the performance of a contract for the sale of real property.

No. 1108.—Decided April 24, 1914.

DEMURRER—MISJOINDER OF ACTIONS—LACK OF CAUSE OF ACTION.—The plea of misjoinder of actions cannot be raised by a demurrer on the ground of lack of cause of action.

ID.—MISJOINDER OF ACTIONS—LACK OF CAUSE OF ACTION—PROMISE TO SELL—PERFORMANCE OF CONTRACT.—The three defendants jointly agreed to sell two rural properties to the plaintiff for a specific sum of money, one of the properties belonging to two of them and the other to the three. The complaint alleged the offer to sell, its acceptance, the tender of the purchase price to the three defendants and their refusal to execute the proper deeed of sale, whereupon the plaintiff deposited the amount in the lower court. The complaint having been demurred to on the ground that it did not state facts sufficient to constitute a cause of action, it was *held* that the complaint contained all the essential allegations and was free from the defect of misjoinder of actions.

The facts are stated in the opinion.
*Messrs. Muñoz & Brown* for the appellant.
*Mr. Frank Antonsanti* for the respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

The amended complaint in this case set up substantially that the complainant, Tracy Bartholomew, is a resident of Arecibo, that the defendants, Josephine B. Crissey and Cornelia C. Bacon, are residents of Troy, New York, and that

Sarah B. Crissey is a resident of Mechanicsville, New York; that defendants Josephine B. Crissey and Sarah B. Crissey are owners of a certain lot described in the complaint and that Josephine B. Crissey, Sarah B. Crissey and Cornelia C. Bacon are the owners of another and distinct lot which is described in the complaint, the last-named lot being originally recorded in the name of Cornelia C. Bacon and Mary E. Bacon, the privy in title of the three defendants; that by virtue of one offer made by the three defendants to the complainant and accepted by him the said defendants, jointly and in a sole written contract, agreed to sell to the complainant the lots described in the complaint for the sum of nine hundred and fifty dollars ($950), payable at the American Colonial Bank of San Juan on or before December 16, 1912, upon the delivery of the deed of sale, and the complainant accepted such offer and demanded its fulfilment of the defendants; that the defendants have refused to perform the obligation of the contract to execute the corresponding deed to the complainant, maintaining that the contract has been rescinded; that in view of this refusal the complainant consigns (or pays into court) the said sum of nine hundred and fifty dollars ($950) and prays that Josephine B. Crissey and Sarah B. Crissey be ordered to make a deed to the complainant of the first lot and that the same defendants and Cornelia C. Bacon be ordered to make a deed to the complainant of the second lot.

The defendants demurred on two grounds; first, that there was an unlawful joinder of parties and, second, that the complaint did not present enough facts to constitute a cause of action. The court sustained the demurrer on the second ground alone and the complainant not choosing to amend, judgment was entered in favor of the defendants and the complainant appeals.

The theory of the court and the respondents seems to be that there was an improper joinder of actions in the complaint and that this defect may be taken advantage of by demurrer on the ground that the complaint does not state facts

sufficient to constitute a cause of action. We do not so understand this ground of demurrer. It is directed to the insufficiency in law of the facts as stated to give the complainant a cause of action. In other words, whether there is any legal liability of the defendants. It does not relate to the improper joining of actions. The improper joinder of actions is specifically enumerated in section 105 of the Code of Civil Procedure under subdivision 5, just as the insufficiency of the facts to constitute a cause of action is enumerated under subdivision 6. Here is a clear application of the maxim *expressio unius est exclusio alterius.* The improper joinder of actions was not duly raised in this case.

The question still remains whether the complaint states a good cause of action. Here were three persons who jointly agreed to convey two pieces of property, of which two were the owners of one piece and three were the owners of the other. The consideration for this agreement was nine hundred and fifty dollars and it was an entire sum payable to the defendants jointly and not severally or separately. If the defendants had tendered deeds in due form and Bartholomew, the complainant here, should have refused to pay the agreed purchase price, they would have had to bring a single action in which all joined against him. Otherwise he might have complained that a payment to one or two would not relieve him from responsibility to the other or others. Similarly, as this is an action for specific performance, the complainant was bound to offer the entire sum to all the defendants in order to make them execute the deeds they promised to make. The contract was mutual; its consideration, its execution and the failure to perform were duly alleged, a consignation was made and a complete cause of action stated.

Incidentally, the question is raised whether we can consider the demurrer of the alleged joinder of too many parties when that matter was not passed on by the court below. Our previous consideration of the general ground of the demurrer shows that we think there was no misjoinder of parties.

Hence we find it unnecessary to discuss the question. The judgment must be reversed and the case proceed according to law.

*Reversed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.